### 17865. BUGG, receiver, *v.* KIRKLAND.

1. The petition as amended set out a cause of action, and the court properly overruled the demurrer thereto.
2. There was sufficient evidence to authorize the verdict, and the motion for a new trial shows no cause for a reversal.

DECIDED JUNE 15, 1927.

Damages; from city court of Douglas—Judge Roberts. November 4, 1926.

Application for certiorari was denied by the Supreme Court.

*Brandon & Hynds, Slater & Moore,* for plaintiff in error.

*Dickerson & Kelley, Quincey & Quincey,* contra.

PER CURIAM. David Kirkland procured a verdict and judgment against B. L. Bugg, receiver of the Atlanta, Birmingham & Atlantic Railway Company, for damages alleged to have been caused to the plaintiff's sawmill by a fire set out by engine number 60 of the railway company. The petition as amended alleged that said sawmill was located about one foot south of the right of way of the railway company; that the defendant had piled, or permitted to be piled, a quantity of fat lightwood between its tracks and the sawmill, and had negligently allowed a large quantity of highly inflammable trash to accumulate on the right of way up to and around the pile of lightwood; and that the de-

---

Railroads, 33 Cyc. p. 1352, n. 96; p. 1381, n. 63; p. 1394, n. 32.

fendant was negligent: (*a*) in permitting the lightwood to be piled on the right of way; (*b*) in allowing the trash to accumulate and remain on the right of way in close proximity to the sawmill; (*c*) in not using ordinary care in keeping the railway track and right of way, adjacent to the sawmill, free from inflammable material; (*d*) in permitting live sparks to fall from the engine upon said combustible material; (*e*) in permitting fire to be dropped from the defendant's fire-box and smoke-stack upon said trash and pile of wood, which fire ignited the same and set fire to the sawmill; (*f*) in not having the engine equipped with a spark-arrester of the proper make and kind and in proper state of repair, and with other appliances designed to prevent the escape of fire from the engine; (*g*) in that the spark-arrester on the engine was defective in having holes through which coals, sparks, and fire were thrown out while the engine was in operation; (*h*) in failing to use proper care in operating the engine; (*i*) in so negligently handling the engine as to cause it to improperly exhaust and throw out fire and sparks upon said combustible trash and wood, and to ignite the same, and to cause the burning of the sawmill.

There was evidence that the train of the defendant company, when it passed the sawmill on the occasion of the fire, was running up-grade and was "exhausting;" that "an engine is more liable to throw more sparks when it is exhausting than when not;" that "the purpose of that netting [introduced by the defendant company] is to keep an engine from throwing fire and setting grass or anything else afire where a spark might go through to set fire. That is not the best kind in general use,—it is not closely woven,— that netting should not be in an engine,—that netting would permit sparks to go through there and set fire to anything." Also, that "live sparks will go through that netting when the engine is in operation." There was evidence that on previous occasions fire had started just after the passing of the defendant company's train which was equipped with the same kind of netting used by the defendant company on the occasion of the fire in question. The evidence also shows that the defendant company had permitted trash to accumulate on its right of way; that "the fire was burning *from* the railroad back south through the mill

shelter and mill; . . the side of the wood was on fire nearest the railroad down at the bottom."

There was sufficient evidence to authorize the jury to find that the engine of the defendant company was not properly equipped, and that on this occasion it was throwing sparks and set fire to the plaintiff's mill. The motion for a new trial shows no cause for a reversal of the judgment of the trial court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*